Nicholas Laveroni
vs.                  } No. 2765.
Arthur H. Carr

### May 19, 1934.

POULIOT, J. This matter is before the Court on defendant's motion for a new trial after a jury rendered a verdict for the plaintiff in the sum of $2800.

The plaintiff's contention is that he was engaged by the defendant to buy the Bud Perry Farm in Charlestown, to remodel the buildings and to purchase furniture and fittings, for the purpose of conducting a club, on the defendant's promise to reimburse him for all moneys laid out. In addition, he claims $3 per day for "minding" the farm.

The defendant's claim is that he bought the farm to provide a home for an 80 year old aunt and for the plaintiff, who is related to her by marriage. He denies engaging the plaintiff, or authorizing him to purchase furniture for the place, or agreeing to pay plaintiff for any disbursements or for any services.

This is an extraordinary case. The plaintiff starts out by telling us he doesn't know the amount of his claim. Although there is no evidence that the defendant agreed or promised to $3 a day for "minding" the place, the plaintiff said he felt entitled to such compensation from the time he went to the farm up to the day of the trial, in round figures 120 weeks, some $2000 in value, and this in the face of his testimony that his shares in the venture was to be a certain percentage of the profits.

The only voucher presented by the plaintiff was a bill for $705 for masonry work in building two fireplaces and an outside broiler. A carpenter who claimed to have an unpaid bill for about $300 could produce no records or any memorandum. The plaintiff claimed to have paid, for a mahogany dining set, the sum of $500 to a Newport antique dealer whose name he didn't know and whose place of business he couldn't locate. He had no voucher for this purported payment. He stated he bought the other items of personal property in an auction room, but had no receipt for anything. Although he claimed he purchased everything on the defendant's behalf and was to be reimbursed by the defendant, he produced nothing to show he had made any disbursements, except the mason's bill.

It seems to the Court that the logical and probable conduct of a man engaged to purchase merchandise or contract obligations which are to be paid by someone else would be to have some kind of a record of his transactions and some kind of voucher to explain his expenditures. He is still living on the farm, rent free, which, he says, he is doing to protect his interest.

The defendant's evidence is not much more illuminating. While he disclaims any connection with a proposed club, yet he admits having had printed, at his expense, cards and stationery entitled "Hunter's Lodge". He hasn't denied the plaintiff's statement that three rooms in the farm house were to remain untouched, later to be remodeled by a friend of the defendant to suit the purpose of some sort of game to be conducted there.

The Court, having in mind the appearance of the witnesses and parties and the manner in which they testified, can't help feeling that the real story has not been told: that there was some agreement between the parties that fell through, and that the plaintiff's claim is an after-thought, an attempt to recoup his losses from his associate in a proposed venture that didn't turn out as expected.

The Court cannot find that a verdict for the plaintiff was unjustified, in view of the contradictory and unsatisfactory evidence submitted.

The farm is still owned by the defendant, and whatever improvements may have been made are still there and are of some benefit to him.

Giving the plaintiff the benefit of the expenses of mason and of carpenter work is as much as this Court can conscientiously do. Both these items amount to $1005. The balance of the claim is too vaguely shown to warrant its being upheld.

If the plaintiff, within ten days, files his remittitur for all of the verdict in excess of $1005, then defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: O'Shaunessey & Cannon.

For defendant: Peirce H. Brereton.